UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAY JONES, | ) Case No.: 1:18-cv-01739-BAM |
| Plaintiff, | ) |
| v. | ) **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| ANDREW M. SAUL,[1] Commissioner of Social Security, | ) |
| Defendant. | ) |

## **INTRODUCTION**

Plaintiff Anthony Ray Jones ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DBI") under Title II of the Social Security Act and for supplemental security income ("SSI") under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

[2] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. Nos. 7, 8.)

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed applications for a period of disability and DBI and for SSI on January 6, 2015. AR 206-219.[3] In both applications, Plaintiff alleged disability beginning October 1, 2014. AR 206, 210. Plaintiff's applications were denied initially and on reconsideration and Plaintiff subsequently requested a hearing before an ALJ. AR 64-119. ALJ Sharon L. Madsen held a hearing on November 16, 2017, and issued an order denying benefits on February 14, 2018. AR 14-61. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-8, 137-138. This appeal followed.

**Relevant Hearing Testimony**

The ALJ held a hearing on November 16, 2017, in Fresno, California. Plaintiff appeared in person with his attorney, Melissa Proudian. Impartial Vocational Expert ("VE") Cheryl Chandler also appeared. AR 34.

In response to questioning by the ALJ, Plaintiff testified that he is divorced, does not have any kids, and lives in a house with his sister. His highest grade of education was the eleventh grade. When asked about his daily activities, Plaintiff testified that he needs assistance with putting on his pants. He tries to do household chores, including sweeping, mopping, and shopping. He does not engage in any social activity. Plaintiff's typical day includes getting up at 7 a.m., trying to do some cleaning, resting, watching television, and then attempting to continue chores. Plaintiff testified that he requires quite a few breaks to complete his household chores. He takes two-to-three naps per day. AR 39-41.

When asked about his work history, Plaintiff testified that he provided in-home support and his duties included cooking and cleaning. Plaintiff also previously worked as a machine operator

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

| | |
|---|---|
| 1 | polishing cement and doing janitorial work. AR 41-42. |

       Plaintiff testified that he experiences constant back pain above both hips which radiates to his shoulders. He has difficult standing and walking. When his back is in pain, he lies down and tries to change positions frequently. Plaintiff was taking ibuprofen at the time of the hearing and, although he had previously been prescribed Norco, he had been taken off of it. Plaintiff also received injections in his back but said they did not really help his pain. He also uses over-the-counter medications such as Icy-Hot to relieve his pain. Plaintiffs' doctors discussed sending him to a neurosurgeon or a specialist, but Plaintiff testified that nothing further happened after the discussion. Plaintiff further testified that he also experiences pain in his neck and has difficulty looking sideways and up or down. AR 42-45.

       Plaintiff further testified that he has difficulty carrying grocery bags into the house and is able to carry five bags. He can carry a gallon of milk or a sack of potatoes. Plaintiff estimates that he can sit for thirty minutes before he must stand and can stand for fifteen or twenty minutes before he must sit. He can walk for half a block, has difficulty climbing stairs, and experiences pain when reaching above his head. AR 47-48.

       With respect to his mental impairments, Plaintiff testified that he experiences depression and gets very nervous when he's in a room with other people he's never met. As a result, he tries to limit himself from going out. He has difficulty staying focused while watching television and is able to pay his bills with his sister's help. Plaintiff attends counseling once a month and takes medication for his mental impairments, which Plaintiff testified helps "[t]o a certain extent." Plaintiff has a history of substance abuse but testified that he no longer has substance abuse issues. AR 48-51.

       In response to questioning by his attorney, Plaintiff testified that he naps every day with his feet elevated for thirty-to-forty minutes. Plaintiff uses a cane on his right side to stabilize and walk both inside and outside of the house, which he obtained at his doctor's instruction approximately a year and a half before the hearing. Plaintiff further testified that he does not believe he could hold his head in one position to look at a monitor due to pain. If he drops something on the ground, he cannot bend at the waist to pick it up and must squat. He can kneel "to a certain height" and must rest while climbing stairs due to his knee joints, back, and shoulder joints. He has difficulty walking on gravel and can walk up or down on a curb with a little effort. Plaintiff's pain increases during rainy weather.

He has difficulty concentrating and can focus for fifteen or twenty minutes before he must take a break for twenty or thirty minutes. Plaintiff does not have any friends that he sees on a regular basis. He tries to shower every day if he can. He has difficulty getting out of bed due to pain and depression approximately five-to-seven times a month. AR 51-56

Following Plaintiff's testimony, the ALJ elicited testimony from the VE, Cheryl Chandler. The VE testified that Plaintiff's work history included home attendant, cleaner, and floor specialist. The ALJ also asked the VE hypothetical questions. The ALJ asked the VE to assume an individual with the same age, education, and work experience as Plaintiff. For the first hypothetical, the ALJ asked the VE to assume this hypothetical individual can lift and carry fifty pounds occasionally and twenty-five pounds frequently and can sit, stand, or walk six to eight hours. The VE testified that Plaintiff's past work would be available. AR 57-58.

For the second hypothetical, the ALJ asked the VE to also assume that this hypothetical individual would be limited to occasional public contact. The VE testified that Plaintiff's past work as a home attendant would not be available. The VE was unsure of the setting in which the industrial cleaning occurred and therefore did not know if that work would be available. The VE further testified that usually in the national economy there would be jobs with limited or no general public contact available but the VE would reduce the numbers cited by half. The VE testified that Plaintiff's work as a floor layer did not necessarily have to involve general public contact more than occasionally. The ALJ then asked Plaintiff if his janitorial work was performed when there weren't people around and Plaintiff testified that approximately half of the people were not around. AR 58-59.

For the third hypothetical, the ALJ asked the VE to assume that the hypothetical individual could lift twenty pounds occasionally and ten pounds frequently, sit, stand, or walk six to eight hours, and occasionally stoop, crouch, crawl, climb, and kneel. The VE testified that Plaintiff's past work would not be available. AR 59.

Finally, Plaintiff's attorney asked the VE hypothetical questions. Plaintiff's attorney asked the VE to assume the same individual described in the ALJ's first hypothetical, except this individual would need one additional break of an hour in addition to those normally scheduled. The VE testified that there would be no work available. Plaintiff's attorney then asked the VE to assume the same

4

individual described in the ALJ's second hypothetical, except this individual would be off task fifteen percent of the time. The VE testified that no work would be available. Finally, Plaintiff's attorney asked the VE to assume that the hypothetical individual would miss two days of work per month. The VE testified there would be no work available. AR 59-60.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to the Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 14-33. Specifically, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2017, and Plaintiff had not engaged in substantial gainful activity since October 1, 2014, the alleged onset date. AR 19-20. Further, the ALJ identified lumbar degenerative joint disease, cervical degenerative joint disease, major depressive disorder, and social anxiety disorder as severe impairments. AR 20. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 20-21. Based on a review of the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work and could lift and carry fifty pounds occasionally and twenty-five pounds frequently, stand and/or walk for six-to-eight hours in an eight-hour workday, sit for six-to-eight hours in an eight hour workday, and have occasional public contact. AR 21-26. With this RFC, the ALJ determined that Plaintiff was capable of performing past relevant work as a cleaner and industrial floor layer. AR 26. The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from October 1, 2014, through the date of the ALJ's decision. AR 26.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.

42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[4]

Plaintiff's sole issue on appeal is whether the ALJ improperly rejected his subjective complaints of limitations due to his physical and mental impairments.[5] (Doc. No. 13 at 25-27.)

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.
[5] The introduction to Plaintiff's opening brief also briefly mentions the ALJ's "failure to apply the correct legal standards in the evaluation of . . . the testimony of a lay witness, Plaintiff's sister with whom he lives." (Doc. No. 13 at 2.)

6

Specifically, Plaintiff argues that the ALJ disregarded Plaintiff's testimony regarding his physical and mental limitations solely on the basis that his statements were inconsistent with his daily activities, but this finding applied incorrect legal standards and was not supported by substantial evidence.

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but discounted his statements concerning the intensity, persistence and limiting effects of those symptoms. AR 23. The ALJ did not find that Plaintiff was malingering and was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's testimony.

As an initial matter, contrary to Plaintiff's contention, the ALJ did not discount Plaintiff's testimony solely because it was inconsistent with his daily activities. As the Commissioner notes in his opposition, the ALJ also discounted Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms because it was not entirely consistent with the objective medical evidence. AR 23. Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Citing to *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015), Plaintiff argues on reply that "the ALJ merely provided a summary of the medical record," which is an insufficient explanation and lacks the requisite specificity. (Doc. No. 17 at 3.)

---

However, Plaintiff's brief focuses solely on his own testimony and he does not set forth any analysis, argument, or evidence to support this contention. (*See id.* at 23-27.) As Plaintiff does not identify any specific deficiencies with the ALJ's consideration of the third-party testimony, the Court has not considered this argument. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) ("[I]ssues not argued with specificity in briefing will not be addressed.")

7

In *Brown-Hunter*, the Ninth Circuit held that an ALJ errs "by making only a single general statement that the claimant' statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above, without identifying sufficiently specific reasons for rejecting the testimony, supported by evidence in the case record." *Brown -Hunter,* 806 F.3d at 493 (citation and quotation marks omitted). There, the ALJ "simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination," which "is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully . . . [to] ensure that the claimant's testimony was not arbitrarily discredited." *Id.* at 494. The ALJ's failure to identify the testimony that was found not to be credible and to link that testimony to the particular parts of the record supporting the non-credibility determination was legal error. *Id.*

In this case, the ALJ linked Plaintiff's symptom testimony that she found not to be credible to particular parts of the record. AR 22-25. The ALJ first summarized Plaintiff's testimony regarding the persistence, intensity, frequency, and limiting effects of his symptoms. AR 22. The ALJ then devoted approximately three pages and thirteen paragraphs to detailing the specific medical evidence in the record that did not support that testimony. AR 23-25. Unlike *Brown-Hunter*, the Court need not speculate about the basis of the ALJ's determination or substitute its conclusions for the ALJ's because the ALJ not only succinctly summarized Plaintiff's symptom testimony, but she also clearly indicated what evidence she found to be inconsistent. *See Brown-Hunter,* 806 F.3d at 495.[6] "Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation ... and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999) (citation omitted). In light of the ALJ's extensive discussion and comparison of the relevant testimony to the record, the Court is satisfied that the medical evidence in the record was adequately considered. Thus, the Court finds no error with the ALJ's determination that Plaintiff's testimony was inconsistent with

---

[6] While the ALJ's opinion could have been more clearly stated, the Court is able to reasonably discern the ALJ's path for the purpose of review. *See Brown-Hunter, supra,* 806 F.3d at 493-494; *Jose v. Berryhill,* 2018 WL 1244763 at *6 (D. Or. Mar. 12, 2018) ("[E]ven if the ALJ could have stated each reason more clearly, the Court is still able to 'reasonably discern' the ALJ's path.").

the objective medical evidence.

Plaintiff also argues that the Commissioner's citation to the ALJ's consideration of the medical record in discounting Plaintiff's testimony is an "impermissible after-the-fact explanation" and amounts to an attempt to provide post-hoc reasoning on the ALJ's behalf. (Doc. No. 17 at 2.) However, Plaintiff misconstrues what it means for a rationalization to be post-hoc. "Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." *Molina*, 674 F.3d at 1121. To the extent that the Commissioner is not providing new justifications for an otherwise unsupported decision, the post-hoc rule is not violated. Here, the Court finds that the Commissioner is not providing improper post-hoc rationalizations and the ALJ's reasoning that Plaintiff's testimony was inconsistent with the medical record is reasonably discernible.

In addition to finding that Plaintiff's testimony was inconsistent with the medical record, the ALJ also noted that Plaintiff had been prescribed a conservative course of treatment, including physical therapy, topical heat and ice for pain relief, referral for a neck collar and back brace, and that his physical and mental impairments had improvement with medication. AR 23, 25. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), (v); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that improvement with conservative treatment undermined allegations of disabling symptoms); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]"). Plaintiff's briefing does not address the adequacy of the ALJ's determination that Plaintiff had been prescribed conservative treatment and was responding well to his medication. *See Carmickle,* 533 F.3d at 1161 n.2. Instead, Plaintiff's argument on reply solely addresses whether Plaintiff's failures to attend physical therapy and mental health treatment were adequately explained. (Doc. No. 17 at 5.) However, Plaintiff's unexplained, or inadequately explained, failure to follow a prescribed course of treatment and his conservative treatment and improvement with medication are distinct bases for discounting his subjective symptom testimony. Furthermore, even if the record contained an adequate explanation for Plaintiff's failure to follow a prescribed course of treatment as he contends, any error would be harmless where, as here, the ALJ provided several other valid reasons for disbelieving Plaintiff's testimony. *See Molina v. Astrue*, 674

F.3d 1104, 1121 (9th Cir. 2012) ("[S]everal of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.").

The ALJ also discounted Plaintiff's testimony because his reported activities of daily living were not consistent with his alleged limitations. AR 24, 25. An ALJ can properly discount a claimant's subjective complaints when the daily activities demonstrate an inconsistency between what the claimant can do and the degree that disability is alleged. *Molina*, 674 F.3d at 1112-13 (finding that an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms" in determining credibility). Here, the ALJ considered Plaintiff's reports that he tried his best to sweep, mop, and grocery shop, had difficulty carrying a grocery bag but could carry a gallon of milk or a bag of potatoes, had no problem with his personal care, did his laundry twice a week, prepared simple meals, talked with his family every day, and went to church. AR 22.

Plaintiff first argues that the ALJ erred by applying improper legal standards because the ALJ did not identify any statements that contradicted Plaintiff's activity and did not make specific findings regarding whether Plaintiff's daily activities are transferable to a work setting and, if so, the amount of time he is engaged in such activity. (Doc. No. 13 at 26.) Plaintiff cites to *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007), *Burch,* 400 F.3d at 681, and *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001) in support of her arguments. However, the Court does not find these cases to directly discredit the ALJ's decision.

In *Orn,* the Court found that the claimant's activities of reading, watching television, and coloring in coloring books were not transferable skills to be a surveillance system monitor. *Orn,* 495 F.3d at 639. *Orn* is distinguishable on the grounds that the daily activities of reading, watching television and coloring were passive activities that clearly failed to meet the threshold for transferable work skills, whereas the Plaintiff's daily activities in this case were of such a nature and scope as to allow the ALJ to rationally infer transferability. *See Lemus v. Astrue,* 2010 WL 3768035, at *14 (E.D. Cal. Sept. 22, 2010) (finding ALJ's credibility determination to be rational, despite ALJ's failure to explicitly articulate the transferability of Plaintiff's daily activities given the nature and scope of those activities, as well as the numerous other factors cited by the ALJ); *see also Macias v. Astrue,* 2010 WL

3632807, at *9 (E.D. Cal. Sept. 14, 2010) (distinguishing claimant's daily activities from those in *Orn* and noting the *Orn* court's statement that the daily activities in that case were "so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace."); *see also Morgan v. Apfel,* 169 F.3d 595, 600 (9th Cir.1999) ("[C]laimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work.")

In *Burch,* the Ninth Circuit found that the ALJ properly considered the claimant's daily activities in his credibility analysis where the ALJ explained that these activities "suggest that she is quite functional. She is able to care for her own personal needs, cook, clean and shop. She interacts with her nephew and boyfriend. She is able to manage her own finances and those of her nephew." *Burch,* 400 F.3d at 680. The ALJ did not, as Plaintiff proposes, specifically "identify any contradictory statements . . . [or] make findings as to whether any of [the claimant's] daily activities are transferable to a work setting and, if so, the amount of time he is engaged in such activity." (*See* Doc. No. 13 at 26.) Nonetheless, the ALJ's findings were sufficiently specific. *See Burch,* 400 F.3d at 681. *Burch* is analogous to this case and accordingly supports a finding that the ALJ applied proper legal standards in discounting Plaintiff's subjective symptom testimony due to inconsistency with his daily activities.

Finally, in *Vertigan,* the plaintiff was able to go grocery shopping with assistance, walk approximately an hour in the malls, get together with friends, play cards, swim, watch television, and read. *Vertigan,* 260 F.3d at 1049. The ALJ focused on the claimant's daily activities and gave much weight to one statement of her treating physician, even though that statement was conflicted by all of the same physician's other findings. *Id.* at 1049–50. The Ninth Circuit found that these activities did not consume a substantial part of the plaintiff's day and that walking in the malls and swimming were not necessarily transferable to the work setting "with regard to the impact of pain." *Id.* Such is not the case here. Unlike *Vertigan,* the ALJ here did not base her decision to reject plaintiff's testimony solely on Plaintiff's daily activities. Moreover, unlike *Vertigan,* the ALJ did not rely entirely on one statement of a treating physician that was contradicted by the same physician's other findings.

While disability claimants should not be penalized for attempting to lead normal lives in the

11

face of their limitations, where the level of activity is inconsistent with a claimant's claimed limitation, those activities have bearing on the claimant's credibility. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). As the Ninth Circuit explained in *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir. 1989), "if [the plaintiff] remains able to perform ordinary household and personal tasks, then he has not carried his burden of proving that his pain prevents him from returning to [work]. While such reasoning may not hold up in all cases . . . it is sufficient here, as [the plaintiff] has not put forward any evidence that reconciles the inconsistency between his words and his actions." Such circumstances are evident in this case. Thus, the Court finds that the ALJ applied correct legal standards in considering Plaintiff's daily activities as a factor in assessing his credibility.

Plaintiff also argues that the ALJ's finding that Plaintiff's testimony was contradicted by his activities of daily evidence lacks the support of substantial evidence. (Doc. No. 13 at 26.) Specifically, Plaintiff contends that the ALJ "cherry-picked" evidence by failing to address Plaintiff's statement at the hearing that he required assistance getting his pants on and a mental health treatment note dated September 7, 2016, stating that Mr. Jones was no longer attending church because he "panics" at the thought of sitting among a lot of people.[7] (*Id.*) According to Plaintiff, the ALJ erred by failing to address this contradictory evidence. (*Id.*)

The ALJ was not required to specifically address the evidence Plaintiff cites. "[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotation omitted). The Court likewise disagrees with Plaintiff's argument that the ALJ "cherry-picked" evidence and did not consider the full record before arriving at a conclusion based on substantial evidence. Here, the ALJ expressly acknowledged Plaintiff's testimony that he needed help getting his pants on and further relied on evidence that Plaintiff had social phobia, found it difficult to be around people, and did not leave his house often or participate in social activities. AR 22, 25. The ALJ's decision recognizes that Plaintiff has some work limitations, however, she discredits Plaintiff's testimony that his physical and

---

[7] Plaintiff also cites to evidence of explanations for his failure to attend mental health treatment appointments in order to attend his girlfriend's mother's funeral and because he had difficulty being around people while waiting for his appointment. (Doc. No. 13 at 26.) However, this evidence does not pertain to his activities of daily living and is instead relevant to his failure to follow a prescribed course of treatment as discussed above.

12

mental limitations render him completely unable to work. In reaching her decision, the ALJ weighed the relevant evidence in the record and did not impermissibly give more weight to evidence which supported her conclusion over equally relevant evidence.

Even where Plaintiff's activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *Molina*, 674 F.3d at 1113. Moreover, the presence of contradictory reports does not preclude a finding that a claimant is not disabled. *See Thomas v. Barnhart,* 278 F.3d 947 (9th Cir.2002). The ALJ is the trier of fact and she is permitted to reject testimony regarding subjective symptoms as long as she makes specific findings justifying that decision. *Fair,* 885 F.2d at 604; *see also Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir. 1991) ("So long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence." ); *Hayatgheyb v. Callahan,* 120 F.3d 268 (9th Cir. 1997) (upholding an ALJ's finding that the plaintiff was not credible where he "made sufficient inquiries into [plaintiff's] daily routine and medical and work history, and made specific findings to justify her rejection of his pain testimony[.]" (citations omitted)). Where the ALJ makes a reasonable interpretation of the claimant's testimony, it is not the Court's role to second-guess it. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001). As the Ninth Circuit explained in *Burch*, "[a]lthough the evidence of [the claimant's] daily activities may also admit of an interpretation more favorable to [him], the ALJ's interpretation was rational, and '[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.'" *Burch,* 400 F.3d at 680-81 (quoting *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989)); *see also Bayliss v. Barnhart,* 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("Substantial evidence is more than a mere scintilla but less than a preponderance."). Such is the case here. Having reviewed the record, the Court concludes that the ALJ's interpretation of Plaintiff's testimony was reasonable and supported by substantial evidence.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court

13

**DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Anthony Ray Jones.

IT IS SO ORDERED.

Dated: **March 19, 2020**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE